UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SPENCER NEAL,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON STREET REALTY TRUST II c/o VINCENT WALLS, TRUSTEE<br><br>Defendant. | ) | CASE NO.: ____________________<br><br>JUDGE ______________________<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF:**<br><br>**1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181 *et seq*. |

Plaintiff SPENCER NEAL Complains of Defendant WASHINGTON STREET REALTY TRUST II care of VINCENT WALLS, TRUSTEE, and alleges as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

2. Plaintiff SPENCER NEAL is a person with physical disabilities who, on or about July 20, 2021 through July 22, 2021, was an invitee, guest, patron, or customer at Defendant's property, which houses the PI Alley Parking Garage, located at 275 Washington Street, Boston, MA 02201. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in

violation of federal legal requirements, and NEAL suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4. **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Boston, County of Suffolk, State of Massachusetts and that plaintiff's causes of action arose in this district.

**PARTIES:**

5. Plaintiff SPENCER NEAL is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) NEAL is a "person with physical disabilities," as defined by all applicable Massachusetts and United States laws. NEAL requires the use of a wheelchair to travel about in public. Consequently, NEAL is a member of that portion of the public whose rights are protected by the ADA.

6. Defendant WASHINGTON STREET REALTY TRUST II, care of VINCENT WALLS, TRUSTEE, a Trust formed under the laws of Massachusetts, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the PI Alley Parking Garage, a public accommodation, located at/near 275 Washington Street, Boston, MA 02201, and subject

to the requirements of Massachusetts state law requiring full and equal access to public facilities pursuant to the Massachusetts Equal Rights Law, M.G.L., c. 93, §103, et seq., and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject PI Alley Parking Garage as a public facility at/near 275 Washington Street, Boston, MA 02201. The business, the PI Alley Parking Garage, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the ADA.

8. At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject parking garage, a public accommodation located at/near 275 Washington Street, Boston, MA 02201. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201 General**

> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> CFR §36.201(b)

9. Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing

the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, the PI Alley Parking Garage, located at 275 Washington Street, Boston, MA 02201. The PI Alley Parking Garage and each of its facilities are places “of public accommodation” subject to the requirements of the Americans with Disability Act of 1990 (“TITLE III” AND “ADA”), 42. U.S.C. §§ 12181 *et seq.* On information and belief, said facility has undergone “alterations, structural repairs and additions,” each of which has subjected the PI Alley Parking Garage to handicapped access requirements.

11. Plaintiff SPENCER NEAL is a person with a disability. NEAL is a “physically disabled person,” as defined by all applicable Massachusetts and United States laws. NEAL is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant

advertised, publicized and held out the PI Alley Parking Garage as being handicapped accessible and handicapped usable.

13. On or about July 20, 2021 through July 22, 2021, NEAL was an invitee and guest at the subject PI Alley Parking Garage, arriving for purposes of obtaining parking during his visit to the City of Boston.

14. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, NEAL personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, NEAL, who is a person with disabilities, encountered the following inaccessible elements of the subject PI Alley Parking Garage which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by plaintiffs:

A. There lacks a minimum of 11 accessible parking stalls with a minimum of two being designated as van accessible in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 208.2.

B. In Parking Level 1, there is a change in level greater than ¼" at the transition to enter the garage in violation of 1991 ADAS Section 4.3.8 and 2010 ADAS Section 303.3.

C. In Parking Level 1, the route of travel at the entry transition to the garage does not provide a minimum width of 36" in violation of 1991 ADAS Section 4.3.3 and 2010 ADAS Section 403.5.1.

D. In Parking Level 2, the maneuvering clearance at door 2A is obstructed by the

access aisle and can be obstructed by a parked vehicle in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

E. In Parking Level 2, the access aisle of the accessible parking stall is not a minimum 8' to the centerline of the stripe in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 502.2.

F. In Parking Level 2, the maneuvering clearance on the pull side of the door extends less than 18" beyond the latch side of the door in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

G. In Parking Level 2, there lacks a minimum of two accessible stalls with a minimum of one being designated as van accessible in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 208.2.

H. In Parking Level 3, the maneuvering clearance at door 3A is obstructed by the access aisle and can be obstructed by a parked vehicle in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

I.In Parking Level 3, the cross slopes and/or running slope of the access aisle exceeds 2% by the 3A door in violation of 1991 ADAS Section 4.6.3 and 2010 ADAS Section 502.4.

J. In Parking Level 3, the accessible parking stall access aisle is not a minimum 8' to the centerline of the stripe in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 502.2 Exception.

K. In Parking Level 3, the accessible parking sign is mounted too low in violation of 2010 ADAS Section 502.6.

L. In Parking Level 3, the van stall is missing a sign identifying it as a van accessible stall in violation of 1991 ADAS Section 4.6.4 and 2010 ADAS Section 502.6.

M. In Parking Level 3, the maneuvering clearance at the door to the stairs exceeds a 2% slope in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.4 and 404.2.4.4 Exception 1.

N. In Parking Level 3, the pamphlet/brochure/ map dispenser is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

O. In Parking Level 3, the maneuvering clearance on the pull side of the door exceeds less than 18" beyond the latch side of the door in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

P. In Parking Level 3, there lacks a minimum of two accessible stalls with a minimum of one being designated as van accessible in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 208.2.

Q. In Parking Level 4, the maneuvering clearance at door 4A is obstructed by the access aisle and can also be obstructed by a parked vehicle in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

R. In Parking Level 4, the walking surface at the access aisle was obstructed by cones, which were being stored on the access aisle at the time of Mr. Neal's visit, in violation of 1991 ADAS Section 4.2.1 and 2010 ADAS Section 403.5.1.

S. In Parking Level 4, the accessible parking sign is mounted too low in violation of 2010 ADAS Section 502.6.

T. In Parking Level 4, the cross slope and/or running slope of the access aisle exceeds 2% by the 4A door where it ramps up to the landing in violation of 1991 ADAS Section 4.6.3 and 2010 ADAS Section 502.4.

U. In Parking Level 4, the access aisle is not a minimum 8' to the centerline of the

stripe in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 502.2 Exception.

V. In Parking Level 4, the van stall is missing a sign identifying it as a van accessible stall in violation of 1991 ADAS Section 4.6.4 and 2010 ADAS Section 502.6.

W. In Parking Level 4, the pamphlet/brochure/map dispenser is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

X. In Parking Level 4, the maneuvering clearance on the pull side of the door exceeds less than 18” beyond the latch side of the door in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

Y. In Parking Level 4, there lacks two accessible stalls with a minimum of one being designated as van accessible in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 208.2.

Z. In Parking Level 5, the maneuvering clearance at door 5A is obstructed by the access aisle and can also be obstructed by a parked vehicle in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

AA. In Parking Level 5, the accessible parking sign is mounted too low in violation of 2010 ADAS Section 502.6.

BB. In Parking Level 5, the cross slope and/or the running slope of the access aisle exceeds 2% by the 5A door where it ramps up to the landing in violation of 1991 ADAS Section 4.6.3 and 2010 ADAS Section 502.4.

CC. In Parking Level 5, the access aisle is not a minimum 8’ to the centerline of the stripe in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 502.2 Exception.

DD. In Parking Level 5, the van stall is missing a sign identifying it as a van accessible stall in violation of 1991 ADAS Section 4.6.4 and 2010 ADAS Section 502.6.

EE. In Parking Level 5, the maneuvering clearance on the pull side of the door extends less than 18” beyond the latch side of the door in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

FF. In Parking Level 5, there exists a threshold with a vertical change greater than ¼”in violation of 2010 ADAS Section 404.2.5.

GG. In Parking Level 5, the pamphlet/brochure/map dispenser is out of the maximum reach for a side approach in violation of 2010 ADAS Section 308.3.1.

HH. In Parking Level 5, there lacks a minimum of two accessible stalls with a minimum of one being designated as van accessible in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 208.2.

II. In Parking Level 6, the maneuvering clearance at door 6B can be obstructed by a parked vehicle in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

JJ. In Parking Level 6, the clear floor space to the fire extinguisher can be obstructed by parked vehicles in violation of 1991 ADAS Section 4.2.4.1 and 2010 ADAS Section 305.3.

KK. In Parking Level 6, the maneuvering clearance at door 6A is obstructed by the access aisle and can be obstructed by a parked vehicle in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

LL. In Parking Level 6, the accessible parking sign is mounted too low in violation of 2010 ADAS Section 502.6.

MM. In Parking Level 6, the cross slopes and/or running slopes of the access aisle exceeds 2% by the 6A door where it ramps up to the landing in violation of 1991 ADAS Section 4.6.3 and 2010 ADAS Section 502.4.

NN. In Parking Level 6, the access aisle is not a minimum 8’ to the centerline of the stripe in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 502.2 Exception.

OO. In Parking Level 6, the van stall is missing a sign identifying it as a van accessible stall in violation of 1991 ADAS Section 4.6.4 and 2010 ADAS Section 502.6.

PP. In Parking Level 6, the maneuvering clearance on the pull side of the door extends less than 18” beyond the latch side of the door in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

QQ. In Parking Level 6, there lacks a minimum of two accessible stalls with a minimum of one being designated as van accessible in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 208.2.

RR. In Parking Level 7, the maneuvering clearance at door 7B can be obstructed by a parked vehicle in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

SS. In Parking Level 7, the maneuvering clearance at door 7A is obstructed by the access aisle and can be obstructed by a parked vehicle in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

TT. In Parking Level 7, the accessible parking sign is mounted too low in violation of 2010 ADAS Section 502.6.

UU. In Parking Level 7, the cross slope and/or running slope of the access aisle

exceeds 2% by the 7A door where it ramps up to the landing in violation of 1991 ADAS Section 4.6.3 and 2010 ADAS Section 502.4.

VV. In Parking Level 7, the access aisle is not a minimum 8' to the centerline of the stripe in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 502.2 Exception.

WW. In Parking Level 7, the van stall is missing a sign identifying it as a van accessible stall in violation of 1991 ADAS Section 4.6.4 and 2010 ADAS Section 502.6.

XX. In Parking Level 7, the maneuvering clearance on the pull side of the door extends less than 18" beyond the latch side of the door in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

YY. In Parking Level 7, there lacks a minimum of two accessible stalls with a minimum of one being designated as van accessible in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 208.2.

ZZ. In Parking Level 8, the maneuvering clearance on the pull side of the door extends less than 18" beyond the latch side of the door in violation of 1991 ADAS Section 4.13.6 and 2010 ADAS Section 404.2.4.1.

AAA. In Parking Level 8, the accessible parking sign is mounted too low in violation of 2010 ADAS Section 502.6.

BBB. In Parking Level 8, the striping and markings for the accessible parking stall, loading/unloading access aisle are dilapidated and in need of repair and/or maintenance in violation of 2010 ADAS Section 502.3.3.

CCC. In Parking Level 8, the access aisle is not a minimum 8' to the centerline of the stripe in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 502.2

Exception.

DDD. In Parking Level 8, the van stall is missing a sign identifying it as a van accessible stall in violation of 1991 ADAS Section 4.6.4 and 2010 ADAS Section 502.6.

EEE. In Parking Level 8, there lacks a minimum of two accessible stalls with a minimum of one being designated as van accessible in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 208.2.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the ADA, either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, NEAL was denied his civil rights to full and equal access to public facilities. NEAL suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access.

19. On information and belief, construction alterations carried out by Defendant has

triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA").

20. NEAL, as described herein below, seeks injunctive relief to require the PI Alley Parking Garage to be made accessible to meet the requirements of both Massachusetts law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the PI Alley Parking Garage as a public facility.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, NEAL and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the PI Alley Parking Garage accessible to persons with disabilities.

23. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the PI Alley Parking Garage and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such

construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

24. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the PI Alley Parking Garage was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

25. Plaintiff will return to the subject PI Alley Parking Garage to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the parking garage's services.

26. Should the PI Alley Parking Garage become accessible, NEAL will visit it again because he will visit Downtown Boston, Massachusetts again during Winter 2022 and/or Spring and/or Summer 2023.

27. Furthermore, plaintiff intends to return to the PI Alley Parking Garage as an ADA

tester on an annual basis beginning in 2022 and 2023, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

## I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

28. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 27 of this complaint.

29. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

30. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

31. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> . . .
> (E) *** or other sales or rental establishment;
>
> 42 U.S.C. §12181(7)(E).

32. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

33. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to

> ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject PI Alley Parking Garage pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject PI Alley Parking Garage occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about July 20, 2021 through July 22, 2021, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible

to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff SPENCER NEAL prays that this court grant relief and damages as follows:

**I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1. For injunctive relief, compelling Defendant to make the PI Alley Parking Garage, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

Respectfully submitted,

/s/ *EDWARD N. GARNO JR.*
EDWARD N. GARNO JR. (#564378)
P O Box 643
Lowell, MA 01853

(978) 397-2400
nedgarno@hotmail.com

Attorney for Plaintiff SPENCER NEAL

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER –*
*PRO HAC VICE FORTHCOMING*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, Massachusetts 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff SPENCER NEAL